UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BUD CASH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:07-CV-137 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| BRADLEY COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

*Pro se* plaintiff Bud Cash, Jr. ("Plaintiff") brought a civil rights case against defendants Bradley County, Tennessee, and various personnel employed by the Bradley County Sheriff's Department and Bradley County District Attorney's office ("Defendants"). Defendants Cheri (Carroll)-Morgan, Jerry Estes, Rebble Johnson, Shari Tayloe-Young, Stephen Crump, Sandra Craig-Donaghy, and Wylie Richardson filed a motion to dismiss (Court File Nos. 4 & 5). Defendants Bradley County, Clint Denny, Jamie Thurman, Dan Gilly, Jim Ruth, Dennie Goins, Bill Burt, and Barry Tharp also filed a motion to dismiss and a supplemental motion to dismiss (Court File Nos. 26, 27, 31, 32). Plaintiff filed a number of responses (Court File Nos. 24, 29, 33, 39), and Defendants filed replies (Court File Nos. 28, 35). For the following reasons, the Court will **GRANT** Defendants' motions to dismiss (Court File Nos. 4, 26, 31). In addition, Plaintiff moved for summary judgment against defendants Blackwell and Bradford (Court File No. 40), and those defendants filed a response (Court File No. 41). Plaintiff's motion will be **DENIED** (Court File No. 40).

**I.    RELEVANT FACTS**

According to Plaintiff's complaint and subsequent filings, on January 18, 1996, Defendants came to Plaintiff's residence with a facially invalid search warrant and arrested him for having firearms belonging to his son. He was jailed for 40 days, and then remained on bond 10 years before the state court suppressed property seized from Plaintiff and state prosecutors subsequently decided not to prosecute him. That state case was resolved around July 2006, and Plaintiff filed this case on June 11, 2007. Although the state court ordered Defendants to return Plaintiff's property, he contends they are still holding it.

## II.  STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. DISCUSSION

Plaintiff's complaint alleges violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, although his subsequent filings appear to narrow the scope of his claim to the Fourth Amendment. Under 42 U.S.C. § 1983, a person may seek money damages from a government official who deprives him of federal constitutional or statutory rights. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Liberally construing Plaintiff's complaint, as the Court does for *pro se* litigants, *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005), Plaintiff appears to allege Defendants unlawfully entered his residence with an invalid search warrant, committed false arrest, and are holding his property in defiance of a state court order.

Defendants argue Plaintiff's claims are barred by the statute of limitations. Although § 1983 provides a federal cause of action, it looks to state law to determine the statute of limitations. *Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007). In Tennessee, civil rights actions must be brought within one year of their accrual. Tenn. Code Ann. § 28-3-104(a)(3). The question in this case is when Plaintiff's cause of action accrued. Plaintiff argues it accrued when the state criminal proceedings terminated in his favor in 2006. However, that contention does not comport with *Wallace*.

The accrual date for a § 1983 cause of action is a question of federal law. *Wallace*, 127 S. Ct. at 1095. Plaintiff could have filed his case as soon as the false arrest or unlawful entry occurred, back in 1996 because that it when his constitutional rights were allegedly violated. *See id.* The statute of limitations began to run when Plaintiff became detained pursuant to legal process. *Id.* at 1100. Plaintiff provides no indication of if or when he appeared before a judge and was detained

3

pursuant to legal process. Regardless, at most he was detained for 40 days, meaning his cause of action accrued at the latest 40 days after January 18, 1996, which was February 27, 1996. In *Wallace*, the Court explained that *Heck v. Humphrey*, 512 U.S. 477 (1994), is not implicated in a case such as this one where a civil rights plaintiff has not been convicted of a crime. In *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999), the Sixth Circuit had ruled based on *Heck* that when a § 1983 claim would imply the invalidity of a future conviction, the statute of limitations would not begin to run until criminal charges have been dismissed. But following *Wallace*, the Sixth Circuit held the statute of limitations is not tolled by outstanding criminal charges. *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007). Therefore, the fact that it took 10 years to resolve Plaintiff's criminal charges does not toll the statute of limitations. To comply with the statute of limitations, he had to file his case by around February 1997, not June 2007.

Plaintiff argues *Wallace* should not apply because it was not decided until 2007, well after the incident in question occurred. Unfortunately for Plaintiff, the Supreme Court's interpretation of the law is binding, regardless of whether there was a different interpretation a decade ago. If the Supreme Court had not decided *Wallace*, the Sixth Circuit's decision in *Shamaeizadeh* may have allowed Plaintiff to bring his case. But in that hypothetical scenario, if Plaintiff had won his case and Defendants appealed, the Supreme Court could have issued a ruling setting out the same holding as in *Wallace*, which would hold Plaintiff's claim to be time-barred.

Because Plaintiff's claims are time-barred, the Court need not consider Defendants' other arguments regarding the sufficiency of his pleadings or qualified immunity.

Plaintiff also states Defendants have not returned firearms in accordance with a state court order. That is a matter for the state court to enforce. There is no indication here of a constitutional

4

violation.

Plaintiff filed a motion for summary judgment against defendants Roxanne Blackwell and Matt Bradford, contending they never answered his complaint and seeking default judgment. Blackwell and Bradford made a special appearance to argue they were not properly served. The summons for those two defendants indicate they were not served (Court File Nos. 19 & 20). Therefore, the Court will not enter default against these defendants. Instead the Court will **DISMISS WITHOUT PREJUDICE** Blackwell and Bradford because they have not been served within 120 days of the complaint being filed. *See* Fed. R. Civ. P. 4(m).[1]

IV. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendants' motions to dismiss (Court File Nos. 4, 26, 31) and **DENY** Plaintiff's motion for summary judgment (Court File No. 40).

An Order shall enter.

*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1]Furthermore, Blackwell and Bradford would be able to raise the same statute of limitations defense as the other defendants in this case, so it would be futile to serve them.